**Donte BOATNER, Appellant–Defendant,**

**v.**

**STATE of Indiana, Appellee–Plaintiff.**

**No. 49A04–1002–CR–68.**

Court of Appeals of Indiana.

Sept. 22, 2010.

Barbara J. Simmons, Oldenburg, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, James E. Porter, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

MATHIAS, Judge.

Donte Boatner ("Boatner") was convicted in Marion Superior Court of Class A misdemeanor domestic battery. Boatner appeals and presents two issues, which we restate as: (1) whether the trial court erred in admitting hearsay evidence, and (2) whether the admission of hearsay evidence violated Boatner's confrontation rights.

We affirm.

### Facts and Procedural History

On October 25, 2009, Marion County Community Corrections Deputy Ross Earles ("Deputy Earles") was working at a work release center in Marion County. Deputy Earles was seated in an unmarked patrol car near the work release center when he saw a woman turn the corner walking at a brisk pace. The woman, later identified as Boatner's girlfriend A.J., was not wearing any shoes and appeared to be disoriented. When A.J. made eye contact with Deputy Earles, she increased her pace and approached his patrol car. Deputy Earles then noticed that A.J. appeared to be pregnant and was crying.

Before Deputy Earles could even ask her a question, A.J. told him that "she had nowhere else to go." Tr. p. 13. A.J. said she was looking for help and had seen law enforcement officers near the work release center. She also told Deputy Earles that her boyfriend had "pushed her down and hit her on her face." Tr. p. 14. A.J. refused Deputy Earles' offer to call for medical assistance, but did tell him where her boyfriend, identified as Boatner, could be found.

Deputy Earles called for assistance, and IMPD Officer Jeffrey Kelley ("Officer Kelley") responded. Officer Kelley observed that the right side of A.J.'s face appeared to be swollen. Officer Kelley went to Bo-

atner's residence and knocked on the door. Boatner opened the door, and Officer Kelley asked if he would step outside. Boatner started to close the door, but Officer Kelley reached in and grabbed Boatner's arm. This pulled Officer Kelley into the house, but he was able to pull himself and Boatner back onto the front porch, where Boatner was arrested.

The following day, the State charged Boatner with Class C felony battery, Class D felony intimidation, Class A misdemeanor domestic battery, and Class A misdemeanor resisting law enforcement. A bench trial was held on January 13, 2010. A.J. did not testify, and Deputy Earles and Officer Kelley were the only witnesses. At the conclusion of trial, the court found Boatner guilty of Class A misdemeanor domestic battery and not guilty of the other charges. The court proceeded to sentence Boatner to one year, with 162 days executed and 203 days suspended. Boatner now appeals.

## I. Hearsay

Boatner first claims the trial court erred in overruling his hearsay objection to Deputy Earles' testifying that A.J. told him that Boatner pushed her down and hit her. The admission of evidence is within the sound discretion of the trial court, and we review the court's decision only for an abuse of that discretion. *Rogers v. State,* 897 N.E.2d 955, 959 (Ind.Ct.App.2008), *trans. denied.* The trial court abuses its discretion if its decision is clearly against the logic and effect of the facts and circumstances before the court, or if the court has misinterpreted the law. *Id.*

Hearsay is an out-of-court statement offered in court to prove the truth of the matter asserted. *Jones v. State,* 800 N.E.2d 624, 627–28 (Ind.Ct.App.2003) (citing Ind. Evidence Rule 801(c)). As a general rule, hearsay evidence is inadmissible. *Id.* (citing Ind. Evidence Rule 802). One exception to the hearsay rule is the "excit-

ed utterance" exception contained in Evidence Rule 803(2). This rule provides that "[a] statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition" is not excluded by the hearsay rule, even if the declarant is available as a witness. Ind. Evidence Rule 803(2).

In order for a hearsay statement to be admitted as an excited utterance, three elements must be present: (1) a startling event has occurred; (2) a statement was made by a declarant while under the stress of excitement caused by the event; and (3) the statement relates to the event. *Jones,* 800 N.E.2d at 627–28. This is not a mechanical test, and the admissibility of an allegedly excited utterance turns on whether the statement was inherently reliable because the witness was under the stress of the event and unlikely to make deliberate falsifications. *Id.* (citing *Jenkins v. State,* 725 N.E.2d 66, 68 (Ind. 2000)). "The heart of the inquiry is whether the declarant was incapable of thoughtful reflection." *Id.* (citing *Marcum v. State,* 772 N.E.2d 998, 1001 (Ind.Ct.App. 2002)). Although the amount of time that has passed is not dispositive, a statement that is made long after the startling event is usually less likely to be an excited utterance. *Id.* (citing *Gordon v. State,* 743 N.E.2d 376, 378 (Ind.Ct.App.2001)).

Boatner claims that A.J.'s statements were not excited utterances because "[t]he emergency had passed," and she therefore "had time and opportunity to reflect and deliberate regarding her statements to the deputy." Appellant's Br. at 7. We agree with the State, however, that the outcome of this case is controlled by our holding in *Jones, supra.* In *Jones,* a police officer responded to a 911 call of a battery on a young child. The child told the officer that the defendant had hit him in the mouth. The child did not testify at trial,

but the officer testified as to what the child had told him. On appeal, Jones claimed that this was inadmissible hearsay not subject to the excited utterance exception. *Jones*, 800 N.E.2d at 627. We affirmed the trial court, concluding that although the exact time of the battery could not be established, the child's physical and psychological condition indicated that he was still under the stress of the battery. *Id.* at 628.

Likewise, here, although the exact time of the battery could not be established, Deputy Earles testified that A.J. was disoriented, crying, without shoes, and almost ran to him in her attempt to find help. She told Deputy Earles that Boatner had pushed her down and hit her even before he could ask her any questions. Under these facts and circumstances, the trial court could conclude that A.J.'s statement to Deputy Earles was made while she was under the stress of excitement cause by Boatner's battery. Therefore, the trial court did not abuse its discretion in admitting A.J.'s statement under the excited utterance exception to the hearsay rule.[1] *See id.*; *Holmes v. State*, 480 N.E.2d 916, 918 (Ind.1985) (concluding under common law rules of evidence that declarant's statement was admissible under hearsay exception even though the time frame of the statement was unclear but where the declarant was emotionally distraught at the time of the statement). *Cf. D.G.B. v. State*, 833 N.E.2d 519, 527 (Ind.Ct.App. 2005) (concluding that child molestation victim's statements were not admissible under the excited utterance exception where victim had spent the day resting, had been released from the hospital, and an entire day had passed since the molestation event).

## II. Confrontation Rights

■ Boatner also claims that the admission of A.J.'s statement to Deputy Earles violated his right to confront witnesses as provided in the Sixth Amendment to the United States Constitution.[2] In *Crawford v. Washington*, 541 U.S. 36, 68, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), the United States Supreme Court undertook a detailed examination of the historical roots and development of the confrontation clause of the Sixth Amendment and concluded that "[w]here testimonial [hearsay] evidence is at issue ... the Sixth Amendment demands what the common law required: unavailability and a prior opportunity for cross-examination."

■ Here, however, Boatner did not object to Deputy Earles' testimony based on *Crawford* or the Sixth Amendment. Instead, his objection was based solely on the hearsay rule.[3] *See* Tr. pp. 12–13. A party may not object to the admission of evidence on one ground at trial and seek reversal on appeal based on a different ground. *Malone v. State*, 700 N.E.2d 780, 784 (Ind.1998). Boatner's confrontation claim is therefore waived. *See Small v. State*, 736 N.E.2d 742, 747 (Ind.2000) (defendant waived confrontation issue where his trial objection was based solely on argument that testimony was hearsay and

---

1. Boatner also complains that there was no indication that A.J. was unavailable to testify. But the excited utterance exception applies "even if the declarant is available as a witness." Evid. R. 803(2); *Jones*, 800 N.E.2d at 627.

2. The other witness, Officer Kelley, testified only as to what he observed, not what A.J. said. Tr. p. 21.

3. Boatner did object on *Crawford* grounds later during Deputy Earles' testimony, and the trial court sustained this objection. Tr. p. 17. But this was after Deputy Earles testified that A.J. told him that Boatner had pushed her down and hit her. This is insufficient to preserve the issue with regard to the statement already admitted. *See Brown v. State*, 929 N.E.2d 204, 207 (Ind.2010).

not subject to hearsay exceptions); *Haley v. State,* 736 N.E.2d 1250, 1252 (Ind.Ct. App.2000) (defendant's objection to a statement only on hearsay grounds resulted in a waiver of his confrontation claim). *But see Koenig v. State,* 916 N.E.2d 200, 202–03 (Ind.Ct.App.2009) (defendant's objection based on "unspecified hearsay and foundational grounds" was sufficient to preserve *Crawford* confrontation issue).

Regardless, even if Boatner properly preserved this issue for appeal, he would not prevail. *Crawford* applies only to *testimonial* hearsay. *See* 541 U.S. at 68, 124 S.Ct. 1354 (distinguishing testimonial from non-testimonial hearsay); *Koenig,* 916 N.E.2d at 203 (citing *Davis v. Washington,* 547 U.S. 813, 824, 126 S.Ct. 2266, 165 L.Ed.2d 224 (2006)). Although the Court in *Crawford* declined to provide a comprehensive definition of "testimonial," 541 U.S. at 68, 124 S.Ct. 1354, the Court in *Davis* clarified the distinction between testimonial and non-testimonial statements:

> Statements are nontestimonial when made in the course of police interrogation under circumstances objectively indicating that the primary purpose of the interrogation is to enable police assistance to meet an ongoing emergency. They are testimonial when the circumstances objectively indicate that there is no such ongoing emergency, and that the primary purpose of the interrogation is to establish or prove past events potentially relevant to later criminal prosecution.

547 U.S. at 822, 126 S.Ct. 2266.

Here, there is no indication that Deputy Earles' primary purpose in speaking with A.J. was to establish or prove past events potentially relevant to later prosecution. To the contrary, Deputy Earles was sitting in his car when A.J. quickly approached him and, before he could even ask a question, told him that Boatner had pushed her down and hit her in the face. We therefore conclude that, even if Boatner had properly preserved his *Crawford* confrontation claim, A.J.'s statement was not testimonial. The admission of A.J.'s statement thus did not violate Boatner's confrontation rights. *See State v. Martin,* 885 N.E.2d 18, 20–21 (Ind.Ct.App.2008) (holding that declarant's statements to police that the defendant had hit her and driven away with her children were not testimonial where the declarant was hysterical, had blood on her face, and was sitting on the side of the road just minutes after the event when she spoke to the police).[4]

## Conclusion

The trial court did not abuse its discretion in admitting A.J.'s statement to the police under the excited utterance exception to the hearsay rule. Boatner did not properly preserve his confrontation claim, but even if he did, the admission of A.J.'s statement to the police did not violate Boatner's confrontation rights.

Affirmed.

BAKER, C.J., and NAJAM, J., concur.

4. We further note that simply because A.J. did not testify does not mean she was "unavailable" for purposes of the confrontation clause. A witness is not "unavailable" simply because the witness does not take the stand. *Fowler v. State,* 829 N.E.2d 459, 465 (Ind. 2005). A witness is "available" if the attendance of the witness can be obtained through subpoena or otherwise. *Id.* "Thus, tools to compel attendance must be exhausted before a claim of violation of the Confrontation Clause will be entertained." *Id.* (citing *Pavlik v. United States,* 951 F.2d 220, 224 (9th Cir. 1991)).