## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Feb 24 2015, 6:51 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

---

ATTORNEY FOR APPELLANT

Valerie K. Boots
Marion County Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Eric P. Babbs
Deputy Attorney General
Indianapolis, Indiana

---

# IN THE
# COURT OF APPEALS OF INDIANA

---

Jerrick Whitley,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

February 24, 2015

Court of Appeals Case No.
49A02-1406-CR-433

Appeal from the Marion Superior Court

The Honorable Helen Marchal, Judge

Cause No. 49G16-1401-FD-1987

---

**Mathias, Judge.**

[1] Jerrick Whitley ("Whitley) was convicted in Marion Superior Court of Class D felony confinement and Class A misdemeanor battery. Whitley raises two issues on appeal:

I. Whether the trial court abused its discretion when it admitted the recording of the victim's 911 call into evidence; and,

II. Whether the trial court fundamentally erred by failing to tender a specific unanimity instruction to the jury.

[2] We affirm in part, reverse in part, and remand for proceedings consistent with this opinion.

## Facts and Procedural History

[3] Whitley and Jasmine Walker ("Jasmine") were involved in a romantic relationship prior to December 4, 2013. On that date, Whitley and Jasmine argued, and Whitley began to gather the belongings he kept at Jasmine's home. As the argument became more heated, Jasmine alleged that Whitley put his hand around her neck. Jasmine claimed she lost consciousness and when she awoke she was lying on the floor of the hall closet.

[4] Next, Whitley demanded that Jasmine drive him to his home. He also threw Jasmine's cell phone, which dislodged the phone's battery. Jasmine's three children were present in the home, and as Jasmine was attempting to calm her youngest child, Whitley put his arm around her neck and lifted her off the ground. Whitley continued to demand that Jasmine take him where he wanted to go.

[5] Jasmine, fearful of what Whitley might do, drove Whitley to his home. Her eight-year-old son was also in the car. Whitley complained about Jasmine's slow driving and hit her in the face with a closed fist. When they arrived at Whitley's residence, Whitley took Jasmine's car keys. Jasmine and her son

attempted to walk away, but Whitley came after them and demanded that Jasmine drive him to an additional location.

[6] After Whitley returned Jasmine's keys, she locked him out of the vehicle. But Whitley picked up a cinder block and threatened to smash the car window, so Jasmine unlocked the vehicle. Whitley also took Jasmine's purse and cell phone. During the drive to the intersection of 16th Street and Brookside, Whitley hit Jasmine a second time in the face. After Whitley exited the vehicle with Jasmine's belongings, Jasmine executed a u-turn because she wanted to see which direction Whitley was going. As she slowly drove past him, Whitley shattered her rear driver's side window with his fist.

[7] Jasmine drove to her brother's home nearby where she called and checked on her two daughters. Jasmine, her son, and her brother then returned to Jasmine's house where she called 911. Whitley was arrested in January 2014.

[8] On January 17, 2014, Whitley was charged with Class D felony strangulation, Class D felony intimidation, Class D felony battery of a child, Class D felony confinement, Class A misdemeanor battery resulting in bodily injury, Class B misdemeanor criminal recklessness and Class B misdemeanor criminal mischief. The State later amended the charging information to add an additional count of battery as a Class C felony. A jury trial commenced on May 9, 2014. Whitley was found guilty of Class D felony confinement and Class A misdemeanor battery, and he was acquitted of the remaining charges. Whitley was later sentenced to concurrent terms of 1095 days for the

confinement conviction and 365 days for the battery conviction. Whitley now appeals. Additional facts will be provided as needed.

# I. The 911 Call

[9] Whitley claims that the trial court abused its discretion when it admitted the recording of Jasmine's 911 call into evidence over his hearsay objection. The State argues that the trial court properly admitted the recording under the excited utterance exception to the hearsay rule. "Generally, '[a] trial court has broad discretion in ruling on the admissibility of evidence and we will disturb its rulings only where it is shown that the court abused that discretion.'" *Speers v. State*, 999 N.E.2d 850, 852 (Ind. 2013) (quoting *Turner v. State*, 953 N.E.2d 1039, 1045 (Ind. 2011)).

[10] Hearsay is defined as "a statement that . . . is not made by the declarant while testifying at the trial or hearing[] and . . . is offered in evidence to prove the truth of the matter asserted." Ind. Evidence Rule 801(c). Hearsay is inadmissible unless it falls under an exception provided either by law or the rules of evidence. Ind. Evidence Rule 802. An exception to the hearsay rule, an excited utterance, is "[a] statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition." Ind. Evidence. Rule 803(2); *see also Fowler v. State*, 829 N.E.2d 459, 463 (Ind. 2005) (stating that the statement may be admitted if three elements are shown: (1) a startling event, (2) a statement made by a declarant while under the stress of excitement caused by the event, and (3) that the statement relates to the event). "The ultimate issue is whether the statement is

deemed reliable because of its spontaneity and lack of thoughtful reflection and deliberation." *Fowler*, 829 N.E.2d at 463. An excited utterance can be made in response to a question so long as the statement is unrehearsed and is made under the stress of excitement from the event. *Yamobi v. State*, 672 N.E.2d 1344, 1346 (Ind. 1996) ("A declaration does not lack spontaneity simply because it was an answer to a question.").

[11] In support of his argument, Whitley focuses primarily on the length of time between the events in this case and the 911 call. "The lapse of time is not dispositive, but if a statement is made long after a startling event, it is usually 'less likely to be an excited utterance.'" *Teague v. State*, 978 N.E.2d 1183, 1187 (Ind. Ct. App. 2012) (quoting *Boatner v. State*, 934 N.E.2d 184, 186 (Ind. Ct. App. 2010)).

[12] Whitley exited Jasmine's vehicle, and she drove to her brother's home. She then returned to her own home before calling 911, so we can infer that more than a few minutes passed. Whitley argues, "[d]uring her drive to her brother's home, and then during the longer drive back to her own home with her brother, Jasmine had ample time to deliberate and reflect upon the evening's events and to discuss matters with her brother." Appellant's Br. at 19. Although an indeterminate amount of time passed after Whitley exited Jasmine's vehicle and Jasmine placed the 911 call, after reviewing the record, we may reasonably infer that minutes passed, and not hours. Importantly, during much of this time, Jasmine did not have her cellphone, because Whitley had taken it from her.

[13]     The State presented evidence that Jasmine was still under stress from being battered and confined when she placed the 911 call. Jasmine cried while speaking with the 911 operator and her voice sounded shaky. Also, the responding police officer observed that Jasmine was crying and seemed scared and nervous when he arrived at her home. Tr. pp. 215-16. Jasmine told the officer she was afraid that Whitley would return to her home and cause further harm. *Id*.

[14]     For all of these reasons, the trial court acted within its discretion when it determined that Jasmine placed the 911 call while under the stress of excitement caused by the startling event and admitted the 911 call into evidence under the excited utterance exception to the hearsay rule.

[15]     Even if the trial court erred in admitting the 911 call into evidence, we will not reverse the convictions if the error was harmless. *Turner v. State*, 953 N.E.2d 1039, 1059 (Ind. 2011). The error is harmless if there is "substantial independent evidence of guilt satisfying the reviewing court there is no substantial likelihood the challenged evidence contributed to the conviction." *Id*. "Generally, errors in the admission of evidence are to be disregarded unless they affect the substantial rights of a party." *Id*. If the erroneously admitted evidence was cumulative, the admission is harmless error for which we will not reverse a conviction. *Lehman v. State*, 926 N.E.2d 35, 37 (Ind. Ct. App. 2010).

Jasmine's statements during the 911 call are cumulative of her testimony at trial and other properly admitted evidence. Accordingly, any error in the admission of the 911 call was harmless.

## II. Jury Instruction

In *Baker v. State*, 948 N.E.2d 1169 (Ind. 2011), the defendant was charged with three counts of child molestation for molesting three different victims. At trial, the victims described numerous acts of child molestation that occurred in a three-year period of time. Baker was convicted as charged.

On appeal, Baker argued that his convictions were "not sustained by evidence of jury unanimity" because the State presented evidence of a greater number of separate criminal offenses than with what Baker was charged. *Id.* at 1173, 1175. Our supreme court held that

> the State may in its discretion designate a specific act (or acts) on which it relies to prove a particular charge. However if the State decides not to so designate, then the jurors should be instructed that in order to convict the defendant they must either unanimously agree that the defendant committed the same act or acts or that the defendant committed all of the acts described by the victim and included within the time period charged.

*Id.* at 1177. *See also Lainhart v. State*, 916 N.E.2d 924 (Ind. Ct. App. 2009) (concluding that the trial court committed fundamental error by failing to instruct the jury that it was required "to reach a unanimous verdict as to which crime, if any, the defendant committed").

In this case, Whitley observes that the State generically charged him with one count of Class A misdemeanor battery and one count of Class D felony confinement but claims the State presented evidence of multiple, separate batteries and two separate acts of confinement. Therefore, he argues that the trial court should have sua sponte tendered to the jury the specific unanimity instruction approved in *Baker*.[1] Because Whitley did not raise the issue in the trial court, he argues that fundamental error occurred, i.e. the lack of a *Baker* instruction deprived him of a fair trial.

"The 'fundamental error' exception is extremely narrow and applies only when the error constitutes a blatant violation of basic principles, the harm or potential for harm is substantial, and the resulting error denies the defendant fundamental due process." *Mathews v. State*, 849 N.E.2d 578, 587 (Ind. 2006). "The error claimed must either make a fair trial impossible or constitute clearly blatant violations of basic and elementary principles of due process." *Brown v. State*, 929 N.E.2d 204, 207 (Ind. 2010) (internal quotation omitted). "This exception is available only in egregious circumstances." *Id*. (internal quotation omitted).

In *Baker*, the defendant waived his claim of instructional error but argued that he was deprived of a fair trial. Our supreme court observed that the only issue in the case was the credibility of the witnesses and the defense strategy was to

---

[1] The trial court simply advised the jury that "[t]o return a verdict, each of you must agree to it." Appellant's App. p. 90. The jury was also instructed not to sign any verdict form "for which there is not unanimous agreement." *Id*. at 94-95.

point out inconsistencies in the victims' statements to the jury. 948 N.E.2d at 1179. Baker argued that the children were lying in retaliation for Baker reporting that one victim was in a car with a boy at 3:00 a.m., and as a result she was grounded. Our supreme court concluded:

> Ultimately the jury resolved the basic credibility dispute against [Baker] and would have convicted the defendant of any of the various offenses shown by the evidence to have been committed. We conclude Baker has not demonstrated that the instruction error in this case so prejudiced him that he was denied a fair trial.

*Id.* (internal quotation and citation omitted).

[22] Here, Whitley was charged and convicted of one count of Class A misdemeanor battery. The State generically alleged that Whitley "did knowingly in a rude, insolent or angry manner touch Jasmine Walker, another person, and further that said touching resulted in bodily injury to the other person, specifically: pain and/or swelling and/or redness." Appellant's App. p. 31. In its closing argument, the State argued that there were "multiple batteries in this case." Tr. p. 300. Specifically, the State discussed the evidence of the following alleged acts: 1) that Whitley grabbed Jasmine's neck with his hands, 2) he put his arm around her neck, choking Jasmine, 3) Whitley punched Jasmine in the face for driving too slow, and 4) he punched Jasmine a second time after she stopped the vehicle at a stop sign. Tr. pp. 300-01.

[23] Whitley was also convicted of Class D felony confinement and the charging information provided: Whitley "did knowingly, by force, or threat of force, remove Jasmine Walker and/or [D.C.] from one place to another, that is: from

Ms. Walker's home to 450 N. Gray St. and/or to 16th Street and/or 2800 Brookside N. Drive." Appellant's App. p. 30. Whitely contends that

> there can be no confidence in the unanimity of the jury's verdict because the instruction on unanimity failed to advise the jury that to convict it must either unanimously agree that [Whitley] committed the same act or acts of confinement by forcible removal, or that he committed both of the forcible removals described by Jasmine that were included in the charge.

Appellant's Br. at 13.

[24] As in *Baker*, credibility was the only issue at trial, and Whitley argued that Jasmine was a "scorned" woman whose testimony was not credible and was not consistent with other evidence admitted at trial. *See* tr. pp. 305-26. Whitley was acquitted of both strangulation and Class C felony battery.[2] The acquittal on those charges leads to the reasonable conclusion that the jury did not find Jasmine's or her children's testimony concerning the first incident in the hallway outside Jasmine's bedroom to be credible.

[25] However, the State argued that it proved three additional acts of battery, and therefore, Whitley argues that it is not possible to determine whether the jurors unanimously agreed that he committed the same act of battery against Jasmine. In support of this argument, Whitley cites *Castillo v. State*, 734 N.E.2d 299 (Ind. Ct. App. 2000), *summarily aff'd on transfer*, 741 N.E.2d 1196 (2001).

---

[2] The Class C felony battery charge alleged that Whitley knowingly touched Jasmine "in a rude, insolent, or angry manner, which resulted in serious bodily injury to" her. Appellant's App. p. 39. The charging information defined the bodily injury as "extreme pain and/or permanent or protracted loss or impairment of a function of a bodily member or organ and/or a concussion and/or unconsciousness." *Id*.

[26] Castillo was charged with one count of dealing in cocaine. Over Castillo's objection, the State was permitted to introduce evidence of two acts of dealing in cocaine. During closing argument, the State told the jury that it had "a choice" and could find Castillo guilty of either the dealing in cocaine that occurred at Castillo's home or an earlier dealing that same day at a different location. *Id*. at 304.

[27] On appeal, Castillo argued that his conviction was not supported by a unanimous jury verdict. Our court observed that that the trial court did not instruct the jurors that they were required to render a unanimous verdict concerning which dealing crime Castillo committed. *Id*. "It is possible, given these facts, that some jurors believed that Castillo committed the earlier dealing crime at Garcia's home while other jurors believed that Castillo committed the dealing violation at his home later that same day. Consequently, it is possible that the jury's verdict of guilty regarding the charge of dealing in cocaine was not unanimous." *Id*. at 304-05. Our court therefore vacated Castillo's conviction for dealing in cocaine.

[28] Citing *Castillo*, our court similarly vacated the defendant's conviction for disseminating harmful material to a minor in *Scuro v. State*, 849 N.E.2d 682 (Ind. Ct. App. 2006), *trans. denied*. In that case, the State presented evidence that Scuro disseminated harmful material to the victim on at least three separate occasions, but he was charged with only one count of dissemination to the victim based on an unspecified incident. *Id*. at 688. As in *Castillo*, our court observed that "we have no way of knowing" whether the jury's verdict was

unanimous as to one of the three separate acts. *Id.* Therefore, even though Scuro waived the issue because he failed to object to either the verdict forms or the verdict, our court vacated his conviction for dissemination of harmful material to a minor.[3] *Id.* at 689.

[29]   Due process requires jurors "to render a unanimous verdict as to which actual offense was perpetrated." *Lainhart*, 916 N.E.2d at 941 (citing *Schad v. Arizona*, 501 U.S. 624, 631-32 (1991); *Richardson v. United States*, 526 U.S. 813, 820 (1999)). In this case, it is possible that the jurors believed that Whitley battered Jasmine based on one of three alleged acts of battery but that no unanimity amongst the jury existed as to which act or acts Whitley committed. We therefore conclude that the trial court's instructional error deprived Whitley of a fair trial as to the Class A misdemeanor battery charge, and we vacate that conviction.

[30]   However, we reach the opposite conclusion on the Class D felony confinement conviction. Although the charging information alleged that Whitley confined Jasmine from her "home to 450 N. Gray St. and/or to 16th Street and/or 2800 Brookside N. Drive," at trial the State argued and the evidence established that Whitley continuously confined Jasmine from her home to Brookside Drive where Whitley finally exited her vehicle. *See* Appellant's App. p. 30; Tr. pp. 299-300. The jury considered the credibility of Jasmine's testimony that

---

[3] This same conviction was also vacated on additional grounds after our court determined that Indiana Code section 35-49-3-3 does not permit multiple convictions where only one display of harmful material is disseminated, albeit to multiple victims.

Whitley forced her to drive him to both his home and a second location and concluded that her testimony was credible. Accordingly, we conclude that, with regard to the confinement conviction, the instructional error did not prejudice Whitely.

## Conclusion

[31] The trial court did not abuse its discretion when it admitted the recording of Jasmine's 911 call into evidence. Also, we affirm Whitley's Class D felony confinement conviction. However, the trial court's failure to tender to the jury the specific unanimity instruction approved of in *Baker* constitutes fundamental error. Therefore, we conclude that Whitley's Class A misdemeanor battery charge should be vacated, and we remand this case to the trial court for proceedings consistent with this opinion.

[32] Affirmed in part, reversed in part, and remanded for proceedings consistent with this opinion.

Najam, J., and Bradford, J., concur.