

FILED

Aug 21 2020, 8:37 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Zachary J. Stock
Zachary J. Stock, Attorney at Law, P.C.
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Steven Hosler
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Zackery A. Hurt,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | August 21, 2020<br><br>Court of Appeals Case No.<br>20A-CR-30<br><br>Appeal from the Hendricks<br>Superior Court<br><br>The Honorable Stephenie D.<br>Lemay-Luken, Judge<br><br>Trial Court Cause No.<br>32D05-1904-CM-418 |

**Mathias, Judge.**

[1] Zackery Hurt ("Hurt") was convicted in Hendricks Superior Court of Class A misdemeanor domestic battery and Class B misdemeanor disorderly conduct. Hurt appeals and argues that the trial court abused its discretion when it admitted the victim's hearsay statements into evidence. Concluding that the

trial court erred when it admitted the hearsay statements into evidence, we reverse and remand for a new trial.

## Facts and Procedural History

On the night of March 30, 2019, Hurt and his wife, Katherine Hurt ("Katherine"), returned to Katherine's aunt's home, where they were dog sitting, in an Uber with an unknown female passenger. Both Hurt and Katherine had been drinking alcoholic beverages and were intoxicated. Hendricks County Sheriff's Department Sergeant Anthony Goodpaster ("Sergeant Goodpaster") was dispatched to the home in response to an incomplete 911 call.

When Sergeant Goodpaster arrived at the home, he observed a vehicle in front of the home. The driver of the vehicle identified himself as an Uber driver, and the unknown female passenger was still in the vehicle. As the sergeant was asking the female passenger for her identification, Goodpaster heard a loud noise from inside the home. Sergeant Goodpaster walked up to the front door and rang the doorbell, but no one responded. He then knocked and announced himself. Hurt responded and opened the front door.

Hurt's speech was slurred, his eyes were bloodshot, and Sergeant Goodpaster smelled the strong odor of alcohol on Hurt's breath. Hurt had a scratch on his face and a cut on his lip. When Katherine came to the front door, Sergeant Goodpaster observed that she was also intoxicated. A subsequent test revealed that her blood alcohol content was .30. Katherine had a bloody nose and a cut

on her lip. In the hallway behind the couple, the sergeant saw that a dog gate had been knocked down to the floor and appeared to have blood on it.

[5] Sergeant Goodpaster's investigation at the home was recorded on his department-issued body camera. He interviewed both Hurt and Katherine and asked them individually how they received their injuries. Hurt was interviewed first, and he eventually told Sergeant Goodpaster that he and Katherine had argued and that she had hit him. He told the officer that he did not want to press charges. Katherine gave several explanations for her injuries, including that she fell down and that Hurt accidentally elbowed her. Katherine finally stated that Hurt deliberately hit her face with his elbow.

[6] On April 1, 2019, the State charged Hurt with Class A misdemeanor domestic battery and Class B misdemeanor disorderly conduct.[1] Hurt's bench trial occurred on November 4, 2019. Over Hurt's hearsay objections, the trial court admitted Sergeant Goodpaster's testimony that Katherine stated that Hurt hit her with his elbow and the body camera recording of Goodpaster's interview with Katherine. Tr. pp. 27, 39–41; Ex. Vol., State's Ex. 1. Katherine testified that due to her state of intoxication, she was unable to recall how she received her injuries and she could not remember speaking to Sergeant Goodpaster on March 30, 2019. Tr. pp. 63–64. The trial court found Hurt guilty as charged.

---

[1] The battery charge alleged that Hurt touched Katherine in a rude, insolent or angry manner. The disorderly conduct charge alleged that Hurt recklessly, knowingly or intentionally engaged in fighting or tumultuous conduct. Appellant's App. pp. 12–13.

Hurt was sentenced to concurrent terms of 180 days with 172 days suspended to probation. Hurt now appeals.

## Discussion and Decision

Hurt argues that the trial court abused its discretion when it admitted Sergeant Goodpaster's testimony recounting Katherine's hearsay statements.[2] "A trial court has broad discretion to admit or exclude evidence, including purported hearsay." *Blount v. State*, 22 N.E.3d 559, 564 (Ind. 2014). We will disturb the trial court's ruling only if it amounts to an abuse of discretion, "meaning the court's decision is clearly against the logic and effect of the facts and circumstances or it is a misinterpretation of the law." *Id.*

Hearsay is an out-of-court statement used to prove the truth of the matter asserted. Ind. Evidence Rule 801(c). Hearsay is inadmissible unless it falls under a hearsay exception. *Teague v. State*, 978 N.E.2d 1183, 1187 (Ind. Ct. App. 2012); Ind. Evidence Rule 802. Katherine's out-of-court statement was used to prove the truth of the matter asserted, i.e., that Hurt struck her. The State argues that Katherine's statement was admissible under one of three hearsay exceptions listed in Evidence Rule 803: recorded recollection, excited utterance, and/or present sense impression.

---

[2] The State argues that Hurt waived the arguments he raises in this appeal by failing to raise them in the trial court. We do not agree. Hurt made a hearsay objection to both the admission of the recording from Goodpaster's body camera and Goodpaster's testimony recounting Katherine's statement. Tr. pp. 27, 39–40.

The recorded recollection exception allows the admission of "[a] record that: (A) is on a matter the witness once knew about but now cannot recall well enough to testify fully and accurately; (B) was made or adopted by the witness when the matter was fresh in the witness's memory; and (C) accurately reflects the witness's knowledge." Ind. Evidence Rule 803(5). "[B]efore a statement can be admitted under the recorded recollection hearsay exception, certain foundational requirements must be met, including some acknowledgment that the statement was accurate when it was made." *Ballard v. State*, 877 N.E.2d 860, 862 (Ind. Ct. App. 2007) (quotation omitted). The trial court should not admit a witness's statement into evidence when the witness cannot vouch for the accuracy of the statement nor remember having made the statement. *Id.* (citing *Kubsch v. State*, 866 N.E.2d 726, 735 (Ind. 2007) (explaining that the trial court correctly denied introduction of witness's prior statement where witness could not vouch for statement that she could not remember making).

At trial, Katherine did not vouch for the accuracy of her statement to Sergeant Goodpaster. She was heavily intoxicated when she gave the statement and could not recall speaking to the officer.[3] For these reasons, the admission of Katherine's statement was not permissible under the recorded recollection exception.

---

[3] In fact, both Hurt and Katherine were so intoxicated, the officers first transported them to the hospital for medical clearance before taking them to jail.

[11] Next, we consider whether the exception for excited utterances applies. "A statement relating to a startling event or condition, made while the declarant was under the stress of excitement that it caused" is not excluded by the hearsay rule, even if the declarant is available as a witness. Ind. Evidence Rule 803(2). A hearsay statement may be admitted as an excited utterance where: (1) a startling event has occurred; (2) a statement was made by a declarant while under the stress of excitement caused by the event; and (3) the statement relates to the event. *Boatner v. State*, 934 N.E.2d 184, 186–87 (Ind. Ct. App. 2010). "This is not a mechanical test, and the admissibility of an allegedly excited utterance turns on whether the statement was inherently reliable because the witness was under the stress of the event and unlikely to make deliberate falsifications." *Id.* at 186. "The heart of the inquiry is whether the declarant was incapable of thoughtful reflection." *Id.* While the amount of time that has passed is not dispositive, "a statement that is made long after the startling event is usually less likely to be an excited utterance." *Id.*

[12] The State argues that Katherine's statement is admissible as an excited utterance because "Katherine was intoxicated with a blood alcohol content of .30 and unable to reflect or make a coherent falsehood." Appellee's Br. at 13. Hurt concedes that Katherine suffered a startling or stressful event but contends that she was not under stress from that event when she spoke to Sergeant Goodpaster.

[13] Sergeant Goodpaster arrived on the scene approximately ten minutes after the 911 call was received. After Hurt opened the door to the residence, the sergeant

spoke to the couple. Sergeant Goodpaster separated them and spoke to Hurt for several minutes. After he was done speaking to Hurt, the sergeant questioned Katherine about her injuries. Katherine was visibly intoxicated and struggled to speak coherently. But she was calm and did not become upset until Sergeant Goodpaster mentioned that Hurt might go to jail. It is unclear whether Katherine struggled to recall how her injuries occurred due to her level of intoxication or whether she was attempting to protect Hurt. She gave several explanations for how her injuries occurred including that her bloody nose was the result of illness, that she fell, that Hurt accidently elbowed her in the face, and that he purposefully elbowed her in the face. Ex. Vol., State's Ex. 1.

[14] At least fifteen minutes had elapsed between the 911 call and Katherine's statements to Sergeant Goodpaster. And Katherine made the statement to the officer in response to his questioning. *See Bryant v. State*, 802 N.E.2d 486, 496 (Ind. Ct. App. 2004) (explaining that statements made in response to questioning "increases the likelihood that the statements were not made under the stress of the startling event"), *trans. denied*. Moreover, we agree with Hurt's characterization of the video from the body camera, which shows that "Hurt's wife was deliberating—albeit drunkenly—about how to respond to repeated questioning over the course" of several minutes. Appellant's Br. at 12. Because Katherine was not under the stress of the event at the time she made her statement to Sergeant Goodpaster, we conclude that Katherine's statement was not admissible as an excited utterance.

[15] Finally, the State argues that Katherine's hearsay statement was admissible under the exception for present sense impressions, which permits "[a] statement describing or explaining an event, condition or transaction, made while or immediately after the declarant perceived it." Ind. Evidence Rule 803(1). This hearsay exception "is based on the assumption that the lack of time for deliberation provides reliability." *Mack v. State*, 23 N.E.3d 742, 755 (Ind. Ct. App. 2014) (quoting 13 Robert Lowell Miller, Jr., Ind. Prac. Ser. § 803.101 at 802 (3d ed. 2007)), *trans. denied*. In order for a statement to fall under the present sense impression exception, three requirements must be met: (1) it must describe or explain an event or condition; (2) during or immediately after its occurrence; and (3) it must be based upon the declarant's perception of the event or condition. *Amos v. State*, 896 N.E.2d 1163, 1168 (Ind. Ct. App. 2008), *trans. denied*.

[16] Katherine did not make her statements to Sergeant Goodpaster either during or immediately after she was injured. As noted above, the altercation occurred at least fifteen minutes before she was questioned by the officer. *See Mack*, 23 N.E.3d at 755 (stating that "a few minutes . . . is ample time for a declarant to deliberate and possibly fabricate a statement"). And given her multiple explanations for how she suffered the injuries to her nose and mouth, Katherine had time to deliberate before she spoke to Sergeant Goodpaster. Her ability to deliberate was hindered by her state of intoxication, but the record establishes that she was still able to consider her responses to the officer's questions. For all

of these reasons, we conclude that Katherine's statement to Sergeant Goodpaster was not admissible as a present sense impression.

[17] Because we conclude that Katherine's statements to Sergeant Goodpaster constitute inadmissible hearsay, we must determine whether the trial court committed reversible error or harmless error when it admitted her statements into evidence. "[E]rrors in the admission of evidence are to be disregarded as harmless error unless they affect the substantial rights of a party." *In re Des.B.*, 2 N.E.3d 828, 834 (Ind. Ct. App. 2014). To determine whether the admission of evidence affected a party's substantial rights, we assess the probable impact of the evidence upon the finder of fact. *Id.*; *see also Smith v. State*, 114 N.E.3d 540, 544 (Ind. Ct. App. 2018) (explaining that the substantial rights of a party are not affected if the conviction is supported by independent evidence of guilt such that there is little likelihood the challenged evidence contributed to the judgment).

# Conclusion

[18] The State presented photographic evidence and testimony from Sergeant Goodpaster documenting Katherine's injuries. But Katherine's inadmissible hearsay statement was evidence admitted to prove that Hurt engaged in fighting or tumultuous conduct or that he struck her and caused the injuries to her face. Therefore, we agree with Hurt that the challenged evidence contributed to the guilty verdict and affected his substantial rights. Hurt does not claim that the remaining evidence is insufficient for a new trial and specifically requests a new trial in his prayer for relief.

[19]     For all of these reasons, we reverse Hurt's convictions and remand this case for a new trial.

Bradford, C.J., and Najam, J., concur.