Gerald W. **SANDEFUR**, Appellant–Defendant,

v.

**STATE of Indiana**, Appellee–Plaintiff.

No. 71A05–1009–CR–605.

Court of Appeals of Indiana.

April 8, 2011.

Gary L. Griner, Mishawaka, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Ellen H. Meilaender, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

CRONE, Judge.

### Case Summary

While on patrol, an officer came across a disturbance involving Gerald Sandefur and Angel Vanarman. Sandefur told the officer that someone else had "jumped" Vanarman, but Vanarman pointed at Sandefur and mouthed words that the officer understood to be, "He hit me." Tr. at 31, 36. Sandefur was arrested and charged with battery and invasion of privacy, both as class A misdemeanors. The State also charged Sandefur with battery as a Class D felony based on the same allegations, but enhanced due to a previous conviction. Vanarman did not testify at trial, but the court admitted, over Sandefur's objection, the officer's testimony that Vanarman appeared to mouth, "He hit me." *Id.* at 36. Sandefur was convicted on all three charges.

On appeal, Sandefur argues that the officer's testimony was inadmissible hearsay. We conclude that the testimony fit the excited utterance exception to the hearsay rule. Although the issue was arguably waived, we also conclude that the officer's testimony did not violate Sandefur's Sixth Amendment right to confrontation. Sandefur also argues that there was insufficient evidence to convict him of battery. We conclude that there was sufficient circumstantial evidence to convict him of battery, but we agree that he cannot be convicted of battery as both a class A misdemeanor and a class D felony.

Therefore, we affirm Sandefur's convictions of invasion of privacy and class D felony battery and remand with instructions to vacation his conviction and sentence for class A misdemeanor battery.

## Facts and Procedural History

In the early morning hours of February 21, 2010, Officer Wes Thompson was on patrol in Mishawaka when he heard a man yelling and a woman crying. He then saw "a male holding a female into the corner" of a porch. *Id.* at 28. Officer Thompson approached and asked what was happening. The woman, Vanarman, was bleeding from her mouth. She was crying and looking at the ground. The man, Sandefur, told Vanarman not to say anything, and he told Officer Thompson that Vanarman had been "jumped." *Id.* at 31. Officer Thompson had not seen anyone else in the area. While Officer Thompson was speaking with Sandefur, Vanarman pointed at Sandefur and mouthed some words, which Officer Thompson understood to be, "He hit me." *Id.* at 36.

Officer Jennifer Wilson arrived at the scene to assist Officer Thompson. Officer Thompson handcuffed Sandefur and placed him in Officer Wilson's car while Officer Wilson spoke to Vanarman. Officer Wilson noticed that Vanarman was bleeding from her mouth and was pulling loose hair from her head. Vanarman said that her head and face hurt, but she did not want medical attention.

Officer Wilson took pictures of Vanarman's injuries and then transported Sandefur to jail. During the ride, Sandefur, who had blood on his left hand, told Officer Wilson that Vanarman had bitten him. He also threatened Vanarman: "He said f* * * that b* * * *. . . . I'm going to bust her in the nose when I get out. She better hope she moves out of state because I'm fifty and I don't care what happens when I get out of prison." *Id.* at 51–52.

Sandefur also mentioned that he was not supposed to be around Vanarman. Officer Wilson then contacted dispatch and determined that Vanarman had obtained a no-contact order against Sandefur.

Sandefur was charged with invasion of privacy as a class A misdemeanor and battery as both a class A misdemeanor and a class D felony. The allegations of the battery charges were identical, except that the class D felony charge alleged that Sandefur had previously been convicted of battering Vanarman.

A jury trial was conducted on July 26 and 27, 2010. The State's evidence included the testimony of Officers Thompson and Wilson, photographs of Vanarman's injuries and the blood on Sandefur's hand, and a copy of the no-contact order. When Officer Thompson testified that Vanarman mouthed words that appeared to be "He hit me," Sandefur objected on hearsay grounds. *Id.* at 36. The trial court determined that the testimony was not hearsay and overruled the objection, but the court did instruct the jury that Officer Thompson was "giving you his interpretation [of Vanarman's facial movements,] which you can evaluate like you evaluate any witness's interpretation of what they saw." *Id.* at 35. Neither Vanarman nor Sandefur testified.

The jury found Sandefur guilty of invasion of privacy and class A misdemeanor battery. During the second phase of the trial, Sandefur stipulated that he had a previous conviction of battery involving the same victim. The trial court entered judgment of conviction on all three counts and sentenced him to concurrent terms of six months for invasion of privacy, six months for class A misdemeanor battery, and eighteen months for class D felony battery. Sandefur now appeals.

### Discussion and Decision

#### I. Admission of Evidence

■ Sandefur argues that the trial court erred by admitting Officer Thompson's testimony that Vanarman mouthed the words "He hit me." *Id.* at 36. The admission of evidence is within the sound discretion of the trial court, and we review the court's decision only for an abuse of discretion. *Boatner v. State,* 934 N.E.2d 184, 186 (Ind.Ct.App.2010). An abuse of discretion occurs if the decision is clearly against the logic and effect of the facts and circumstances before the trial court. *Id.*

Sandefur argues that Officer Thompson's testimony was inadmissible hearsay. Hearsay is not admissible except as provided by the Rules of Evidence. Ind. Evidence Rule 802. Hearsay is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Ind. Evidence Rule 801(c). A "statement" is "(1) an oral or written assertion or (2) nonverbal conduct of a person, if it is intended by the person as an assertion." Ind. Evidence Rule 801(a). An example of nonverbal conduct that constitutes an assertion is a witness's identification of a perpetrator by pointing. *Hall v. State,* 259 Ind. 131, 136, 284 N.E.2d 758, 762 (1972).

The import of Officer Thompson's testimony was that Vanarman was trying to communicate to him, without allowing Sandefur to hear, that Sandefur hit her. Officer Thompson's testimony told the jury what Vanarman communicated to him by mouthing words; thus, he testified about non-verbal assertive conduct. The State seems to suggest that Officer Thompson's testimony was not hearsay because he could not be completely certain what Vanarman meant to say and therefore was offering only his interpretation of her conduct. However, the lack of certainty bears more on the credibility of the testimony than whether it is hearsay. The trial court's limiting instruction was also addressed to the issue of credibility rather than admissibility. The State does not offer any reason why this testimony would be offered other than to prove the truth of the matter asserted—that Sandefur hit Vanarman. Therefore, we conclude that the trial court erred by determining that the testimony was not hearsay.

Nevertheless, the State argues that the evidence fits the hearsay exception of Evidence Rule 803(2), which applies to a "statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition."

> In order for a hearsay statement to be admitted as an excited utterance, three elements must be present: (1) a startling event has occurred; (2) a statement was made by a declarant while under the stress of excitement caused by the event; and (3) the statement relates to the event. This is not a mechanical test, and the admissibility of an allegedly excited utterance turns on whether the statement was inherently reliable because the witness was under the stress of the event and unlikely to make deliberate falsifications. "The heart of the inquiry is whether the declarant was incapable of thoughtful reflection." Although the amount of time that has passed is not dispositive, a statement that is made long after the startling event is usually less likely to be an excited utterance.

*Boatner,* 934 N.E.2d at 186 (citations omitted).

Officer Thompson heard Sandefur yelling at Vanarman while she was crying. When Officer Thompson approached them, Sandefur had Vanarman backed into a cor-

ner. Vanarman was still crying, she was bleeding, and she was reluctant to make eye contact. That fact that she was unwilling to make her accusation aloud tends to show that she was still frightened. Vanarman's statement was made soon after she was injured, yelled at, and cornered. Her demeanor showed that she was still under stress, and her statement related to the startling event. Therefore, we agree with the State that Vanarman's statement fits the excited utterance exception. *See Fowler v. State*, 829 N.E.2d 459, 463–64 (Ind.2005) (about fifteen minutes after making 911 call, victim was still in pain, crying, bleeding, and having trouble catching her breath; her statements made at that time were held to be excited utterances), *cert. denied, abrogated on other grounds by Giles v. California*, 554 U.S. 353, 128 S.Ct. 2678, 171 L.Ed.2d 488 (2008).

 Sandefur also argues that admission of Vanarman's statement violates his Sixth Amendment right to confrontation. The State argues that Sandefur has waived this argument because he objected only on hearsay grounds at trial. *See Boatner*, 934 N.E.2d at 187 (finding a Sixth Amendment claim waived when the defendant objected solely on hearsay grounds). *But see Koenig v. State*, 916 N.E.2d 200, 202–03 (Ind.Ct.App.2009) (finding objections on hearsay and foundational ground sufficient to preserve a Sixth Amendment claim for appeal because of the close relationship between hearsay and confrontation), *aff'd* 933 N.E.2d 1271 (Ind. 2010). The best practice is for attorneys to make both objections when applicable. The failure to do so in this case is not

particularly egregious; because the trial court concluded that the testimony was not hearsay, it seems unlikely that the trial court would have sustained an objection based on the Confrontation Clause.

Regardless, we agree with the State that Officer Thompson's testimony was not "testimonial hearsay," the type of hearsay barred pursuant to the Confrontation Clause. *See Davis v. Washington*, 547 U.S. 813, 821, 126 S.Ct. 2266, 165 L.Ed.2d 224 (2006) (holding that the Confrontation Clause bars admission of testimonial statements of a witness who did not appear at trial unless the witness was unavailable to testify and the defendant had a prior opportunity for cross-examination). *Davis* described the distinction between testimonial and nontestimonial statements as follows:

> Statements are nontestimonial when made in the course of police interrogation under circumstances objectively indicating that the primary purpose of the interrogation is to enable police assistance to meet an ongoing emergency. They are testimonial when the circumstances objectively indicate that there is no such ongoing emergency, and that the primary purpose of the interrogation is to establish or prove past events potentially relevant to later criminal prosecution.

*Id.* at 822, 126 S.Ct. 2266.[1]

Vanarman's statement is nontestimonial because it was made in an attempt to gain police assistance for an ongoing emergency. She had been recently injured, and Sandefur had her cornered when Officer

---

1. *Davis* explained that this was not an attempt to "produce an exhaustive classification of all conceivable statements," but sufficed to decide the present case. 547 U.S. at 822, 126 S.Ct. 2266. We acknowledge that the testimonial-nontestimonial dichotomy created by the U.S. Supreme Court has done little to provide guidance to practitioners or trial courts, but it is the structural construct within which issues such as this must be decided for Sixth Amendment purposes.

Thompson arrived on the scene. Sandefur told Officer Thompson that someone else had attacked Vanarman; Vanarman furtively indicated that this was not true so that Officer Thompson would provide the assistance that she needed. Because her statement was nontestimonial, its admission did not violate Sandefur's right to confrontation. *See id.* at 828–29, 126 S.Ct. 2266 (battery victim's statements in 911 call were nontestimonial at least up to the point in time when the perpetrator left the premises).

## II. Sufficiency of Evidence

██ Sandefur argues that there was insufficient evidence that he committed battery. When reviewing a challenge to the sufficiency of the evidence, we neither reweigh the evidence nor judge witness credibility. *McHenry v. State*, 820 N.E.2d 124, 126 (Ind.2005). Rather, we consider only the evidence most favorable to the verdict and the reasonable inferences supporting it. *Id.* "We affirm if there is substantial evidence of probative value from which a reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt." *Purvis v. State*, 829 N.E.2d 572, 587 (Ind.Ct.App.2005), *trans. denied, cert. denied.* In order to convict Sandefur, the State had to prove beyond a reasonable doubt that he: (1) knowingly (2) touched Vanarman in a rude, angry, or insolent manner and (3) caused bodily injury. *See* Ind.Code § 35–42–2–1 (defining battery).[2]

The evidence favorable to the verdict is as follows. Officer Thompson heard a man yelling and a woman crying. When he went to investigate, he saw that Sandefur had Vanarman in a corner, and she was crying and bleeding. Officer Thompson heard Sandefur tell Vanarman not to say anything. Sandefur claimed that someone else had "jumped" Vanarman, but Officer Thompson had not seen anyone else in the area, and he noticed that Sandefur had blood on his hand. Tr. at 31. Vanarman was reluctant to make eye contact or say anything, but she mouthed to Officer Thompson, "He hit me." *Id.* at 36. Once Sandefur was removed from Vanarman's presence, Vanarman told Officer Wilson that her head and face hurt, and she was pulling loose hair from her head. After he was arrested, Sandefur cursed and threatened Vanarman.

Sandefur notes Officer Thompson's lack of special training or expertise in lip reading; however, his ability to correctly read Vanarman's lips was a credibility issue for the jury to resolve. Sandefur also argues that there was no evidence that he hit Vanarman in a rude, insolent, or angry manner. On the contrary, the State presented substantial evidence, albeit circumstantial, that he knowingly touched Vanarman in a rude, angry, or insolent manner. We conclude that the evidence was sufficient to support a conviction of battery.

## III. Double Jeopardy

██ Sandefur argues that the trial court erred by entering judgment of conviction on and sentencing him for both battery as a class D felony and as a class A misdemeanor. The class A misdemeanor charge was a lesser included offense of the class D felony charge, and the State properly concedes that he cannot be convicted of both. *See* Ind.Code § 35–38–1–6 (judgment and sentence may not be entered for both an offense and a lesser included offense). Therefore, we affirm Sandefur's conviction of class D felony battery, but remand with instructions for the trial court to vacate his

---

**2.** To convict Sandefur of battery as a class D felony, the State also had to prove that he had a prior conviction for battery against Vanar- man. *See* Ind.Code § 35–42–2–1(a)(2)(D). Sandefur does not dispute that he has a prior conviction.

conviction of and sentence for class A misdemeanor battery.[3]

Affirmed in part and remanded in part.

ROBB, C.J., and NAJAM, J., concur.

---

**3.** Sandefur does not challenge his conviction of invasion of privacy.