## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

May 22 2019, 6:07 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Jerry T. Drook
Grant County Public Defender
Marion, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Samantha M. Sumcad
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Scott W. Morris,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

May 22, 2019

Court of Appeals Case No.
18A-CR-2645

Appeal from the Grant Superior Court

The Honorable Jeffrey D. Todd, Judge

Trial Court Cause No.
27D01-1401-FB-1

**Sharpnack, Senior Judge.**

# Statement of the Case

[1] Scott Morris appeals his conviction of criminal deviate conduct, a Class B felony.[1] We affirm.

# Issue

[2] Morris presents one issue for our review, which we restate as: whether the trial court erred by admitting certain testimony under the excited utterance exception to the hearsay rule.

# Facts and Procedural History

[3] In November 2013, Morris was employed at the Marion VA Medical Center as a nursing assistant. One of the patients under his care was an adult male whose health conditions had rendered him mentally incompetent. One evening while Morris was at work, Nurse Brumley entered the patient's room and saw Morris performing oral sex on the patient. Nurse Brumley told another nurse, Nurse Dillard, what she had seen, reported the incident to the head nurse on duty, and made a written report of the incident. Based upon this event, Morris was charged with criminal deviate conduct.

[4] Morris' first trial resulted in a mistrial due to a hung jury. At his second trial, over Morris' objection, Nurse Dillard was allowed to testify to what Nurse Brumley told her she had seen. Morris was found guilty as charged, and the

---

[1] Ind. Code § 35-42-4-2 (1998).

court sentenced him to sixteen years with two years suspended to supervised probation.

# Discussion and Decision

Morris contends the trial court erred by admitting Nurse Dillard's testimony under the excited utterance exception because Nurse Brumley made the statements to Nurse Dillard after she had calmed down and was no longer under the stress and excitement of the event.

The trial court's ruling on the admission or exclusion of evidence is reviewed for an abuse of discretion. *Cherry v. State*, 57 N.E.3d 867, 875 (Ind. Ct. App. 2016), *trans. denied*. An abuse of discretion occurs when a decision is clearly against the logic and effect of the facts and circumstances before the court. *Paul v. State*, 971 N.E.2d 172, 175 (Ind. Ct. App. 2012). Error in the admission of evidence will prevail on appeal only if it affects the substantial rights of a party. *Carter v. State*, 31 N.E.3d 17, 28 (Ind. Ct. App. 2015), *trans. denied*. To determine whether a party's substantial rights have been affected, we consider the probable impact of the evidence on the fact finder. *Remy v. State*, 17 N.E.3d 396, 401 (Ind. Ct. App. 2014), *trans. denied*. The improper admission of evidence is harmless error "'if the conviction is supported by substantial independent evidence of guilt satisfying the reviewing court there is no substantial likelihood the challenged evidence contributed to the conviction.'" *Id.* (quoting *Hoglund v. State*, 962 N.E.2d 1230, 1238 (Ind. 2012)).

[7]     The challenged testimony is hearsay under Indiana Evidence Rule 801. Hearsay is an out-of-court statement offered to prove the truth of the matter asserted, and it is inadmissible unless it falls under an exception. Evid. R. 801, 802. One exception to the rule against hearsay is an excited utterance, which is defined as "[a] statement relating to a startling event or condition, made while the declarant was under the stress of excitement that it caused." Evid. R. 803(2).

[8]     To satisfy the excited utterance exception, three elements must be present: (1) the occurrence of a startling event or condition; (2) the declarant has made a statement while under the stress or excitement caused by the event or condition; and (3) the statement was related to the event or condition. *Young v. State*, 980 N.E.2d 412, 421 (Ind. Ct. App. 2012). This test is not to be applied in a perfunctory manner; rather, admissibility of evidence under this hearsay exception turns on whether the statement was inherently reliable because the witness was under the stress of the event and unlikely to make deliberate falsifications. *Id.* The crux of the inquiry is whether the declarant was incapable of thoughtful reflection. *Id.* "'Although the amount of time that has passed is not dispositive, a statement that is made long after the startling event is usually less likely to be an excited utterance.'" *Sandefur v. State*, 945 N.E.2d 785, 788 (Ind. Ct. App. 2011) (quoting *Boatner v. State*, 934 N.E.2d 184, 186 (Ind. Ct. App. 2010)).

[9]     In this case, neither party contests whether there was a startling event or whether the statement related to the event. The issue is whether Nurse

Brumley's statements to Nurse Dillard were made while Nurse Brumley was under the stress or excitement caused by the event. Morris asserts a fifteen-minute period between the incident and Nurse Brumley's statements to Nurse Dillard gave Nurse Brumley time to "calm down and reflect," thereby making her statements to Nurse Dillard unreliable. Appellant's Br. p. 17.

[10] A close reading of the record indicates that it was less than fifteen minutes between the startling event witnessed by Nurse Brumley and her relating the details of the event to Nurse Dillard. Nevertheless, even assuming it was fifteen minutes as suggested by Morris, we note that the amount of time that has passed between the event and the statement is not dispositive. *See Sandefur*, 945 N.E.2d at 788.

[11] Nurse Brumley testified that when she witnessed Morris' act, she experienced "shock" and "fear." Tr. Vol. 1, p. 50. She testified that she was so shaken that she exited the room and "took off runnin' down the hall." *Id.* at 52. She said the event "freaked [her] out" and that she "was in a panic" and "was scared." *Id.* at 50, 55. A few minutes later, when Nurse Brumley relayed to Nurse Dillard what she had seen, "she was trembling, and she was white as a sheet." Tr. Vol. 2, p. 30. Nurse Dillard further testified regarding Nurse Brumley's demeanor: "You know when someone is scared and their eyes are wide opened, I could see the whites of her eyes, and her [sic], she was pale." *Id.* In determining whether a statement is an excited utterance, courts of this State have considered the declarant's crying, injury, or exhibition of other physical or psychological conditions that indicate stress. *See Young*, 980 N.E.2d at 421

(citing *Fowler v. State*, 829 N.E.2d 459, 463-64 (Ind. 2005)). The evidence in this case makes it clear that Nurse Brumley had just witnessed a very disturbing scene, and, while still in shock, she told Nurse Dillard exactly what she had seen. The trial court did not abuse its discretion when it admitted Nurse Dillard's testimony of Nurse Brumley's statements.

[12] Moreover, even assuming it was error for the court to admit Nurse Dillard's testimony, the error was harmless. The admission of hearsay is not necessarily grounds for reversal, especially where it is merely cumulative of other evidence admitted. *Newbill v. State*, 884 N.E.2d 383, 397 (Ind. Ct. App. 2008), *trans. denied*. Prior to Nurse Dillard testifying, Nurse Brumley testified to exactly what she saw Morris doing. Consequently, Nurse Dillard's testimony was cumulative evidence, and any error stemming therefrom is harmless.

## Conclusion

[13] For the reasons stated, we conclude the trial court did not abuse its discretion by admitting Nurse Dillard's testimony of Nurse Brumley's statements under the excited utterance exception to hearsay.

[14] Affirmed.

Baker, J., and Bradford, J., concur.