## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Nov 13 2019, 10:15 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Ryan M. Gardner
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Samantha M. Sumcad
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| James Saylor,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | November 13, 2019<br><br>Court of Appeals Case No.<br>19A-CR-1095<br><br>Appeal from the Allen Superior Court<br><br>The Honorable G. David Laur, Judge<br><br>The Honorable Wendy W. Davis, Judge<br><br>Trial Court Cause No.<br>02D04-1801-F6-112 |

**Riley, Judge.**

# STATEMENT OF THE CASE

[1] Appellant-Defendant, James Saylor (Saylor), appeals his conviction for domestic battery, a Level 6 felony, Ind. Code § 35-42-2-1.3; and criminal trespass, a Class A misdemeanor, I.C. § 35-43-2-2.

[2] We affirm.

# ISSUES

[3] Saylor presents two issues on appeal, which we restate as follows:

> (1) Whether the trial court abused its discretion in admitting testimony under the excited utterance exception to the hearsay rules; and
>
> (2) Whether the state presented sufficient evidence beyond a reasonable doubt to sustain Saylor's conviction for criminal trespass.

# FACTS AND PROCEDURAL HISTORY

[4] On September 13, 2017, Kylie Haithcox (Haithcox) lived at the Tara Cooperative apartment complex, together with her two children. The children's father, Saylor, was not listed as a resident. On that day, Tara Cooperative's security officer, Randall Hosford (Officer Hosford), at the request of the manager, informed Saylor that he was banned from the property and that, even if someone invited him there, he could be arrested for criminal trespass if he returned. Saylor indicated that he understood.

[5] On November 18, 2017, Haithcox and her family celebrated the Thanksgiving holiday at her grandmother's house. Saylor attended this family gathering

where alcohol was consumed. After the celebration, Haithcox and her two children went home to her apartment. Later that evening, Saylor arrived at the apartment, "forced his way inside" and began to argue with Haithcox. (Transcript p. 151). Saylor quickly became aggressive and "punch[ed] her in the back of the head with a closed fist calling her a bitch and telling her that he hates her." (Tr. p. 151). After being beaten, Haithcox managed to escape and ran outside, where she encountered her neighbor, Rachel Cruse (Cruse), near the community garbage area. Cruse noticed Haithcox's "busted [] forehead and [] lip area." (Tr. p. 98). Haithcox was hysterical and Cruse offered her shelter in Cruse's car. She told Cruse that she "and her boyfriend had gotten into an argument, and it turned physical." (Tr. p. 98). Cruse let Haithcox use her phone to call her mother and the police.

[6] On January 30, 2018, the State filed an Information, charging Saylor with domestic battery, as a Level 6 felony, and criminal trespass, as a Class A misdemeanor. On March 26 and 27, 2019, the trial court conducted a jury trial. At the close of the evidence, the jury found Saylor guilty as charged. On April 18, 2019, the trial court sentenced Saylor to two years on the domestic battery charge, with one year executed and one year suspended, and to one year executed on the criminal trespass charge. The trial court ordered both sentences to be served concurrently.

[7] Saylor now appeals. Additional facts will be provided if necessary.

# DISCUSSION AND DECISION

## I. *Admission of the Evidence*

[8]     Saylor contends that the trial court abused its discretion when it admitted certain hearsay statements under the excited utterance exception to the hearsay rule. We review a trial court's decision to admit or exclude evidence for an abuse of discretion. *Iqbal v. State*, 805 N.E.2d 401, 406 (Ind. Ct. App. 2004). An abuse of discretion occurs if a trial court's decision is clearly against the logic and effect of the facts and circumstances before the court. *Id.* However, if a trial court abused its discretion by admitting the challenged evidence, we will only reverse for that error if "the error is inconsistent with substantial justice" or if "a substantial right of the party is affected." *Id.* (citing *Timberlake v. State*, 690 N.E.2d 243, 255 (Ind. 1997), *reh'g denied, cert. denied*). Any error caused by the admission of evidence is harmless error for which we will not reverse a conviction if the erroneously admitted evidence was cumulative of other evidence appropriately admitted. *Id.*

[9]     Over Saylor's objection, the trial court admitted two hearsay statements as excited utterance exceptions to the hearsay rule. Hearsay is an out-of-court statement offered to prove the truth of the matter asserted and is inadmissible unless the statement fits within a hearsay exception. Ind. R. Evid. 801. An excited utterance is a recognized exception to the hearsay rule and is defined as "[a] statement relating to a startling event or condition made while the declarant was under the stress of the excitement caused by the event or

condition." Ind. R. Evid. 803(2). To meet the excited utterance exception, three elements must be present: (1) a "startling event or condition" has occurred; (2) the declarant made a statement while "under the stress or excitement caused by the event or condition;" and (3) the statement was "related to the event or condition." *Teague v. State*, 978 N.E.2d 1183, 1187 (Ind. Ct. App. 2012). This test is not "mechanical" and admissibility turns "on whether the statement was inherently reliable because the witness was under the stress of the event and unlikely to make deliberate falsifications." *Sandefur v. State*, 945 N.E.2d 785, 788 (Ind. Ct. App. 2011). The lapse of time is not dispositive, but if a statement is made long after a startling event, it is usually "less likely to be an excited utterance." *Teague*, 978 N.E.2d at 1187. "The heart of the inquiry is whether the declarant was incapable of thoughtful reflection." *Id*.

[10] Saylor first takes issue with Cruse's testimony about her encounter with Haithcox. Specifically, Saylor objected to Cruse's statement that, in response to Cruse's inquiry, Haithcox replied that "her and her boyfriend had got [sic] into an argument, and it turned physical." (Tr. p. 98). At the time of uttering the statement, Haithcox had just been beaten by Saylor and had managed to flee the apartment. Although it was cold, she was not wearing shoes. Cruse described her as being "hysterical," with visible injuries on her forehead and lip. (Tr. p. 98). When Cruse asked her what had happened, Haithcox made the contested statement. Based on the surrounding circumstances, we conclude that the statement was properly admitted as an excited utterance. Clearly, the

relevant statement was made immediately following the battery by Saylor and while Haithcox was still under the stress of the event, having had no time yet to reflect on what had happened. *See Yamobi v. State*, 672 N.E.2d 1344, 1346 (Ind. 1996) ("An excited utterance can be made in response to a question so long as the statement is unrehearsed and is made under the stress of excitement from the event.")

[11] The second contested statement was made during the testimony of Fort Wayne police officer Brian Juricak (Officer Juricak), who responded to the scene. The officer clarified that he was dispatched at 10:51 p.m. and arrived on the scene eight minutes later. Over Saylor's objection, Officer Juricak informed the jury that Haithcox told him that "during the argument [] Saylor [began] to punch her in the back of the head with a closed fist calling her a bitch and telling her that he hates her." (Tr. p. 151). Prior to admitting the statement, the State elicited testimony from Officer Juricak that Haithcox had visible injuries, she "was upset" and the officer "had trouble understanding her but eventually [he] was able to calm her down and get her statement." (Tr. p. 150). Again, we find Haithcox's statement properly admitted under the excited utterance exception. Based on the facts before us, it is undeniable the statement was made under the stress of the event, in close proximity thereof, and was unrehearsed. *See Young v. State*, 980 N.E.2d 412, 421 (Ind. Ct. App. 2012) (if the declarant is crying, appears to be under stress, is injured, or is exhibiting other physical or psychological conditions, the declarant is considered to be under the stress of the event).

[12] In sum, the trial court properly admitted both hearsay statements over Saylor's objection as they both fall within the parameters of the excited utterance exception to the hearsay rule. We affirm the trial court's ruling.

## II. *Sufficiency of the Evidence*

[13] Next, Saylor contends that the State failed to present sufficient evidence beyond a reasonable doubt to sustain his conviction for criminal trespass. Our standard of review with regard to sufficiency claims is well-settled. In reviewing a sufficiency of the evidence claim, this court does not reweigh the evidence or judge the credibility of the witnesses. *Clemons v. State*, 987 N.E.2d 92, 95 (Ind. Ct. App. 2013). We consider only the evidence most favorable to the judgment and the reasonable inferences drawn therefrom and will affirm if the evidence and those inferences constitute substantial evidence of probative value to support the judgment. *Id*. Circumstantial evidence alone is sufficient to support a conviction. *Sallee v. State*, 51 N.E.3d 130, 133 (Ind. 2016). Circumstantial evidence need not overcome every reasonable hypothesis of innocence. *Clemons*, 987 N.E.2d at 95. Reversal is appropriate only when reasonable persons would not be able to form inferences as to each material element of the offense. *Id*.

[14] To convict Saylor of criminal trespass as a Class A misdemeanor, the State was required to establish that Saylor, not having a contractual interest in the property, knowingly or intentionally entered the real property of Tara Cooperative after having been denied entry by Tara Cooperative's agent. *See*

I.C. § 35-43-2-2. An order to leave or remain away is sufficient if made by means of personal communication, oral or written. I.C. § 35-43-2-2(c)(1). Saylor claims that the evidence is insufficient to show that he entered Tara Cooperative after being denied entry by Tara Cooperative or its agent.

[15] Because the State presented evidence that Officer Hosford acted as Tara Cooperative's agent, we must consider the law of agency. This court recently described the elements necessary to establish an actual agency relationship:

> Agency is a relationship resulting from the manifestation of consent by one party to another that the latter will act as an agent for the former. To establish an actual agency relationship, three elements must be shown: (1) manifestation of consent by the principal, (2) acceptance of authority by the agent; and (3) control exerted by the principal over the agent. These elements may be proven by circumstantial evidence, and there is no requirement that the agent's authority to act be in writing.

*Demming v. Underwood*, 943 N.E.2d 878, 883 (Ind. Ct. App. 2011), *reh'g denied, trans. denied* (citations omitted). One who asserts that there was an agency relationship has the burden of proving its existence. *Smith v. Brown*, 778 N.E.2d 490, 495 (Ind. Ct. App. 2002).

[16] In *Glispie v. State*, 955 N.E.2d 819, 821 (Ind. Ct. App. 2011), *reh'g denied*, defendant was charged with criminal trespass. The officer testified that he had previously given the defendant oral and written warnings not to enter the business's property. *Id*. at 822. The only evidence presented at trial of the officer's status as the business's agent was his own testimony that he "could act

as an agent of the property." *Id.* We held that "[m]ore is required" because "[i]t is a well-established rule that agency cannot be proven by the declaration of the agent alone." *Id.*

[17] Here, however, the evidence reflects that Officer Hosford was a police officer who had also worked as a paid part-time security guard at Tara Cooperative for the past eleven years and was familiar with the apartment complex's "policy on occupancy and residency of those apartments." (Tr. p. 191). Officer Hosford testified that on September 13, 2017, while performing his duties as a security guard for Tara Cooperative, he concluded that, based on information received from the apartment complex, Saylor had not been approved to reside there. Tara Cooperative asked Officer Hosford "to take action" and "to ban [Saylor] from the Tara Cooperative property." (Tr. p. 192). Officer Hosford, in his capacity as a security guard, informed Saylor that he was banned from the property and that if he returned, he would be arrested for criminal trespass. Accordingly, the evidence reflected that Officer Hosford, in his capacity as security guard acted as an agent for Tara Cooperative and, at its request, banned Saylor from the property. *See also Bowman v. State*, 468 N.E.2d 1064, 1068 n.1 (Ind. Ct. App. 1984) ("[W]hen police officers are acting in the capacity of private security guards, they shed their cloak of State agency and become agents of the private hiring authority[.]"). As the State presented sufficient evidence beyond a reasonable doubt to establish Officer Hosford acted as Tara Cooperative's agent to ban Saylor from the property, we affirm his conviction.

# CONCLUSION

[18]  Based on the foregoing, we hold that the trial court did not abuse its discretion in admitting testimony under the excited utterance exception to the hearsay rules; and the State presented sufficient evidence beyond a reasonable doubt to sustain Saylor's conviction for criminal trespass

[19]  Affirmed.

Vaidik, C. J. and Bradford, J. concur